UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- x
In re DHB INDUSTRIES, INC. DERIVATIVE : Civil Action No. CV 05-4345(JS(ETB)
LITIGATION :
: DERIVATIVE ACTION
:
This Document Relates To: : [PROPOSED] ORDER PRELIMINARILY
: APPROVING SETTLEMENT OF
ALL ACTIONS. : DERIVATIVE ACTION AND PROVIDING
---------------------------------------- x FOR NOTICE

WHEREAS, the parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order approving the settlement (the "Settlement") of the Derivative Action, in accordance with a Stipulation and Agreement of Settlement dated as of November 30, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Derivative Action and a certain Class Action (collectively, the "Actions"), upon the terms and conditions set forth therein; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, and the Court having read and considered the Stipulation and the Exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on October 5, 2007, at 10:00 a.m., at the Alfonse M. D'Amato Federal Building, United States District Court, 100 Federal Plaza, Central Islip, New York 11722-4438, to determine whether the Settlement of the Derivative Action and the Class Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Current DHB Shareholders, to DHB and to the Members of the Class and should be approved by the Court; whether a Judgment as provided in §1, ¶1.18 of the Stipulation should be entered herein; and to determine whether the application of Derivative Counsel for an award of attorneys' fees and reimbursement of expenses should be

granted. The Court may adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Current DHB Shareholders.

3. The Court approves, as to form and content, the Notice of Pendency and Settlement of Derivative Action ("Derivative Notice") and Summary Notice for Publication of Settlement of Derivative Action ("Summary Derivative Notice") annexed as Exhibits C-1 and C-2 hereto, and finds that the mailing and distribution of the Derivative Notice and publishing of the Summary Derivative Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below:

(a) Not later than July 18, 2007, (the "Notice Date"), Derivative Counsel shall cause a copy of the Derivative Notice substantially in the form annexed as Exhibit C-1 hereto to be mailed by first class mail to the Current DHB Shareholders.

(b) Not later than July 20, 2007, Derivative Counsel shall cause the Summary Derivative Notice [substantially in the form annexed as Exhibit C-2] to be published once in *Investor's Business Daily*; and

(c) At least seven (7) business days prior to the Settlement Hearing, Derivative Counsel shall serve on counsel for the Defendants in the Derivative Action and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who held or hold the common stock of DHB on behalf of any Person shall send the Derivative Notice to such beneficial owners of DHB common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the

Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Derivative Notice to such beneficial owners.

6. All Current DHB Shareholders shall be bound by all orders, determinations and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to the Current DHB Shareholders or any of them.

7. Any Current DHB Shareholders may enter an appearance in the Derivative Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Derivative Counsel.

8. Pending final determination of whether the Settlement should be approved, no Current DHB Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Derivative Persons, any action or proceeding in any court or tribunal asserting any of the Released Derivative Claims.

9. All papers in support of the Settlement and any application for attorneys' fees and expenses shall be filed with the Court and served by overnight mail or hand delivery on or before seven (7) days before the Settlement Hearing.

10. Any Current DHB Shareholder may appear and show cause, if he, she or it has any, why the Settlement of the Derivative Action should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Derivative Counsel as requested; provided, however, that no Current DHB Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Derivative Counsel, unless that Person, on or before Sept. 21, 2007, has filed with the Clerk of the Court and served on the following counsel

(delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof:

>Thomas Amon
>LAW OFFICES OF THOMAS AMON
>500 Fifth Avenue, Suite 1650
>New York, NY 10110
>
>Brian Robbins
>ROBBINS UMEDA & FINK, LLP
>610 West Ash Street, Suite 1800
>San Diego, CA 92101
>
>Co-Lead Counsel in the Derivative Action
>
>Eric Rieder
>David P. Kasakove
>BRYAN CAVE LLP
>1290 Avenue of the Americas
>New York, NY 10104
>
>Counsel for Defendant DHB Industries, Inc.
>
>George S. Canellos
>C. Neil Gray
>Daniel M. Perry
>Robert C. Hora
>MILBANK TWEED HADLEY
>   & McCLOY LLP
>1 Chase Manhattan Plaza
>New York, NY 10005-1413
>
>R. Robert Popeo
>John F. Sylvia
>MINTZ LEVIN COHN FERRIS
>   GLOVSKY AND POPEO, P.C.
>One Financial Center
>Boston, MA 02111
>
>Jerome Gotkin
>MINTZ LEVIN COHN FERRIS
>   GLOVSKY AND POPEO, P.C.
>666 Third Avenue
>New York, NY 10017-4011

<mark>
</mark>

Counsel for Defendant David H. Brooks

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
  & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

Counsel for Defendants David Brooks International Inc., Andrew Brooks Industries Inc., sued as Andrew Brooks International Inc., Elizabeth Brooks Industries Inc., sued as Elizabeth Brooks International Inc.

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
Carnegie Hall Tower
152 W. 57th Street, Suite 24C
New York, NY 10019

Counsel for Defendant Sandra Hatfield

Steven G. Kobre
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022

Counsel for Defendant Dawn Schlegel

Mark Holland
Robert G. Houck
Mary K. Dulka
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019

Counsel for Defendants Cary Chasin, Jerome Krantz, Gary Nadelman, and Barry Berkman

Earl Silbert
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, DC 20036-2430

Counsel for Defendant Larry R. Ellis

Jeffrey L. Nagel
GIBBONS PC
One Pennsylvania Plaza
37th Floor
New York, NY 10119

Counsel for Defendant Tactical Armor Products, Inc.

Israel David
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004

Counsel for Defendant Terry Brooks

Deidre M. Daly
DALY & PAVLIS LLC
107 John Street
Southport, CT 06890

Counsel for Defendant Jeffrey Brooks

(a)  The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

Clerk of the Court
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722-4438

(b)  Any Current DHB Shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation, or to the award of attorneys' fees and expenses to Derivative Counsel, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11. All reasonable expenses incurred in identifying and notifying Current DHB Shareholders, as well as in administering the Settlement, shall be paid as set forth in the Stipulation. If the Effective Date fails to occur, there shall be no obligation to refund any amounts actually and properly disbursed from or chargeable to the Notice and Administration Fund.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court.

13. No Current DHB Shareholder shall have any right to any portion of, or to any distribution from, the Settlement Fund, unless, and only to the extent that, he, she or it is also a Member of the Class who has duly and timely submitted a Proof of Claim and Release in the Class Action and who has been duly made an award therefrom.

14. Neither the Derivative Defendants nor Derivative Defendants' Counsel shall have any responsibility for any application for attorneys' fees and expenses submitted by Derivative Counsel and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Derivative Defendants or any of them of the truth of any of the allegations in the Derivative Action, or of any liability, fault, or wrongdoing of any kind.

16. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current DHB Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Current DHB Shareholders.

IT IS SO ORDERED.

DATED: July 3, 2007

_____
THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

S:\Settlement\DHB Industries 05.set\6-12 Docs for eFile\Deriv Order Prelim.doc

- 8 -