BRYAN CAVE LLP
Eric Rieder
David P. Kasakove
1290 Avenue of the Americas
New York, New York  10104
Telephone:  (212) 541-2000
ERieder@BryanCave.com
DPKasakove@BryanCave.com

Counsel for Defendant Point Blank Industries Inc., f/k/a DHB Industries, Inc.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | Civil Action No. 2:05-cv-4296-JS-ETB CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |
| IN RE: DHB INDUSTRIES, INC. DERIVATIVE LITIGATION | Civil Action No. 2:05-cv-4345-JS-ETB DERIVATIVE ACTION |
| This Document Relates To: ALL ACTIONS | |

**STATUS REPORT OF DEFENDANT POINT BLANK SOLUTIONS INC., F/K/A DHB INDUSTRIES, INC., RE: BANKRUPTCY PROCEEDINGS AND SEPTEMBER 30, 2010 SECOND CIRCUIT OPINION**

On September 30, 2010, the United States Court of Appeals for the Second Circuit (the "Second Circuit") issued an opinion (the "Opinion") holding that the indemnification and release provisions of the November 30, 2006 Stipulation and Agreement of Settlement (the "Stipulation") violate § 304 of the Sarbanes-Oxley Act. The Second Circuit did not reach the question of whether the Stipulation is substantively

1597241

and procedurally fair, reasonable and adequate, nor did the Second Circuit reach other issues raised in the appeal pertaining to attorneys' fees. With respect to such issues, the Second Circuit held that this Court "will need to reexamine those issues in any event, either in the context of a revised settlement or the outcome of further litigation." Opinion at pg. 15.

Defendant Point Blank Solutions Inc. ("Point Blank"), f/k/a DHB Industries, Inc., submits this Status Report (1) to notify the Court of Point Blank's position regarding further proceedings in this Court with respect to the above-captioned actions and (2) to apprise the Court of certain developments in Point Blank's Chapter 11 case before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[1]

## STATUS REPORT

1. On April 14, 2010, Point Blank filed a voluntary petition for relief in the Bankruptcy Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Under section 541(a) of the Bankruptcy Code, the filing of a bankruptcy petition creates an "estate" composed of all legal or equitable interests of the debtor in property. 11 U.S.C. § 541(a). Moreover, under section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay that, among other things, prohibits both "the commencement or continuation ... of a judicial ... action or proceeding against the debtor" and "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. §§ 362(a)(1), 362(a)(3).

---

[1] Point Blank's Chapter 11 case in the Bankruptcy Court is captioned *In re Point Blank Solutions Inc., et al.*, No. 10-11255.

1597241                                    2

2. It is Point Blank's position that any party who commences further proceedings in this Court with respect to the above-captioned actions would violate the automatic stay. It is also Point Blank's position that the funds deposited in escrow pursuant to the Stipulation (the "Escrowed Funds") as well as the claims asserted in the derivative action in this Court (the "Derivative Action Claims") constitute property of Point Blank's bankruptcy estate, and that any act to obtain possession of or exercise control over such property (including the commencement of further proceedings in this Court with respect to the above-captioned actions) would violate the automatic stay.

3. On September 17, 2010, Point Blank filed with the Bankruptcy Court *Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* (the "Rejection Motion").[2] In the Rejection Motion, Point Blank seeks authorization from the Bankruptcy Court under section 365(a) of the Bankruptcy Code to reject the Stipulation and nine other related and interdependent agreements executed in connection with the settlement of the above-captioned actions (the "Agreements").[3] Opposition papers to the Rejection Motion, if any are filed, must be submitted by October 20, 2010, and the Rejection Motion is scheduled to be heard by the Bankruptcy Court on November 23.

---

[2] A copy of the Rejection Motion is attached hereto as Exhibit A. Point Blank also filed with the Bankruptcy Court on September 17, 2010 an *Appendix of Exhibits to Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* (the "Appendix of Exhibits"). The Appendix of Exhibits is not attached to this Status Report, but Point Blank will provide a copy of the Appendix of Exhibits to the Court upon request.

[3] Under 11 U.S.C. § 365(a), any "executory contract" of the debtor may be assumed or rejected, subject to the Bankruptcy Court's approval. 11 U.S.C. § 365(a).

4. If the Rejection Motion is granted by the Bankruptcy Court, Point Blank will be relieved of its obligation to perform under the Agreements. It also will be entitled to possession of the Escrowed Funds and to assert the Derivative Action Claims against David H. Brooks and the other defendants in the Derivative Action.[4]

5. Under the Bankruptcy Code, in the event the Bankruptcy Court approves a debtor's rejection of a contract and thus relieves the debtor of its obligations to perform, that is treated as a breach of the contract immediately prior to the filing of the bankruptcy petition. *See* 11 U.S.C. § 365(g)(1). Thus, if Point Blank's Rejection Motion is approved by the Bankruptcy Court, and Point Blank is relieved of its obligations to perform under the Agreements, Point Blank will be treated under bankruptcy law as having breached the Agreements immediately prior to the filing of its bankruptcy petition. Any claims arising from the rejection of the Agreements, including the claims asserted in the class action originally filed in this Court and any claims challenging Point Blank's ownership of either the Escrowed Funds or the Derivative Action Claims, will be adjudicated in the Bankruptcy Court.

6. If the Bankruptcy Court grants the Rejection Motion and authorizes Point Blank to reject the Agreements, in addition to the effect of the automatic stay, any action in this Court concerning the Stipulation will be moot because Point Blank will be relieved of its obligation to perform under the Agreements. Further, the other parties to these actions will not be prejudiced because the Escrowed Funds will remain in escrow or (with

---

[4] As set forth below, to the extent there are claims to the contrary, such claims will be adjudicated in the Bankruptcy Court.

respect to the portion of the Escrowed Funds distributed as attorneys' fees and expenses) in the possession of plaintiffs' counsel in the above-captioned actions until the Bankruptcy Court issues a ruling on the Rejection Motion. Therefore, it is Point Blank's position that further proceedings in this Court with respect to the Stipulation are unnecessary.

Dated:   New York, New York
         October 4, 2010            BRYAN CAVE LLP

                                    _____/s/   Eric Rieder_____
                                    Eric Rieder
                                    David P. Kasakove
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 541-2000
                                    ERieder@BryanCave.com
                                    DPKasakove@BryanCave.com

                                    *Counsel for Defendant Point Blank Industries Inc., f/k/a DHB Industries, Inc.*